# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 16cr1545-BEN |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| JEFFREY SPANIER, | |
| Defendant. | |

Now before the Court are Defendant's motions to dismiss. Specifically, Defendant moves to:

    1. Dismiss counts 2 - 18 as time-barred under the statute of limitations;

    2. Dismiss counts 14, 17, and 18 for improper venue;

    3. Dismiss all counts for improper reliance on an omissions theory of liability;

    4. Dismiss count 1 as duplicitous;

    5. Dismiss count 19 for vagueness.

The motion to dismiss counts 2 - 18 as time-barred is granted, the remaining motions are denied.

Defendant first argues that after the prior dismissal, the government had sixty days to re-indict or be barred by the five year statute of limitations. 18 U.S.C. § 3282. The Court of Appeals issued its decision in January 2016, and the mandate issued on February 16, 2016. The Government obtained a new indictment on July

1, 2016.

Because the indictment was returned on July 1, 2016, to be timely counts 2 - 18 must have occurred less than five years before (*i.e.*, *after* July 1, 2011). But the most recent of the acts described in counts 2 - 18 occurred *before* July 1, 2011. The traditional rule used in computing periods of limitation in conspiracy cases is the statute of limitations starts to run on the date of the last overt act alleged to have caused the complainant injury. *United States v. Charnay*, 537 F.2d 341, 354 (9th Cir. 1976). Thus, these counts are time-barred unless some statutory tolling or extension applies. Both parties agree that the exception that potentially applies is found in 18 U.S.C. §§ 3288 and 3289. Section 3288 applies to statutes that have run out before a count was dismissed, and § 3289 applies to statutes that are about to expire. The key language is the same in both sections, as each provides a safe harbor for an indictment obtained within sixty days after a dismissal on appeal becomes final, or six months after a dismissal by a district court.

The question then turns on determining whether the limitations period is extended by sixty days or six months and identifying the date the order dismissing the indictment became final. Defendant argues the the limitations period is extended by sixty days and that at the latest, the indictment against him became final when the appeal mandate was spread[1] on February 29, 2016. The Government argues that six months is the appropriate extension period. Alternatively, it argues sixty days, but that the dismissal did not become final until the district court dismissed without prejudice in May 2016.

The court of appeals decision stated: "AFFIRMED IN PART; INDICTMENT DISMISSED, and CASE REMANDED WITH INSTRUCTIONS TO REASSIGN FOR LIMITED PURPOSE OF DETERMINING WHETHER DISMISSAL IS WITH OR WITHOUT PREJUDICE." On remand to this district, the case was

---

[1] In this case, the difference between the date the mandate issued and the date the mandate was spread is immaterial.

- 2 -

reassigned and a decision was entered dismissing the case without prejudice on May 11, 2016. ("Pursuant to 18 U.S.C. § 3162(a)(2), the court concludes that dismissal of the indictment without prejudice is the appropriate remedy for the underlying Speedy Trial Act violation. The SSI is dismissed without prejudice."). Judgment was entered in this Court on June 3, 2016 and the Defendant was discharged.

Congress provided extensions of the limitations period in 18 U.S.C. §§ 3288 and 3289. *United States v. Clawson*, 104 F.3d 250, 251-52 (9th Cir. 1996); *United States v. Italiano*, 894 F.2d 1280, 1283 (11th Cir. 1990) ("An untimely indictment can only be saved by the section 3288 exception."). Section 3288 applies when an indictment is dismissed *after* the limitations period has run out (for example for counts 2 - 5 and counts 8 - 11).[2] Section 3289 applies when an indictment is dismissed *before* the limitation period expires where the period *will expire* within the next six months (for example counts 6 - 7 and counts 12 - 18).[3] Beyond this

---

[2] Section 3288 states,

Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

[3] Section 3289 states,

Whenever an indictment or information charging a felony is dismissed for any reason before the period prescribed by the applicable statute of limitations has expired, and such period will expire within six calendar months of the date of the dismissal of the indictment or information, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the expiration of the applicable statute of limitations, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final, or, if no regular grand jury is in session in the appropriate jurisdiction at the expiration of the applicable statute of limitations, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations. This section does not

difference, both sections operate the same way. Sections 3288 and 3289 extend the limitations period by six months when the dismissal takes place at the district court. When an indictment is dismissed on appeal, however, the limitations period is extended only sixty days. The sixty days begins when the appellate decision becomes final. The language is identical in §§ 3288 and § 3289 and says, "[w]henever an indictment . . . is dismissed . . . a new indictment may be returned . . . in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final . . . ."

A decision of the court of appeals generally becomes final when the mandate issues. *United States v. Mageno*, 786 F.3d 768, 775 (9th Cir. 2015) (quoting *United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990)); *Foumai*, 910 F.2d at 620 ("Thus, finality of an appellate order hinges on the mandate. . . ."); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1529 (9th Cir. 1989) ("An appellate court's decision is not yet final until its mandate issues."); *United States v. Ross,* 654 F.2d 612, 616 (9th Cir. 1981) ("Until the mandate is issued, a case is not closed."); *Sethy v. Alameda County Water Dist.*, 602 F.2d 894, 897 (9th Cir. 1979) ("This court retains control of the judgment until the mandate issues.").

The Ninth Circuit Court of Appeals issued its mandate on February 16, 2016. This Court finds that the order dismissing the indictment became final that day. Consequently, the Government had sixty days (until April 16, 2016) to obtain an new indictment to benefit from the limitation period extensions of §§ 3288 and 3289. Because the new indictment was obtained beyond that date, the statute of limitations on counts 2 - 18 has run out.

The Government argues that the indictment was not dismissed by the court of appeals but by the district court in May 2016. The Government argues that the

---

permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

1  court of appeals did no more than remand the case to the district court so that the
2  district court could decide whether the dismissal would be with prejudice when the
3  indictment was eventually dismissed. In the Government's view, it would make no
4  sense to obtain an indictment prior to the district court's decision regarding
5  dismissal with prejudice. Consequently, the Government argues that the six month
6  extension of § 3288 applies here, as it did in *United States v. Shipsey*, 363 F.3d 962
7  (9th Cir. 2004). If the Government is correct to say the indictment was dismissed
8  by order of the district court on May 11, 2016 (or on entry of judgment on June 3,
9  2016), then the re-indictment would be timely under either the sixty day clause or
10 the six months clause of §§ 3288 and 3289. On the other hand, if the indictment
11 was dismissed directly by order of the court of appeals, that order became final on
12 February 16, 2016, and re-indictment in July came too late.
13         Here, the court of appeals concluded its decision with the following language:
14 "Affirmed in part; indictment dismissed, and case remanded with instructions to
15 reassign for limited purpose of determining whether dismissal is with or without
16 prejudice." (Uppercase in the original.) The phrase "indictment dismissed" is
17 declarative. The opinion explains that remand is for the assignment of a different
18 judge "solely" to make the prejudice determination. The sentence may contain
19 some ambiguity, but clearly gives the district court only one job – deciding whether
20 the dismissal (which the court of appeals ordered) will be with or without prejudice.
21 The approach and the language is similar in many respects to that used in another
22 Speedy Trial Act case decided by the Ninth Circuit. *See United States v. Lloyd*, 125
23 F.3d 1263, 1271-72 (9th Cir. 1997) ("[R]eassignment is *solely* for the purpose of
24 making the remedy determination, and that, if any other proceedings occur, they
25 may be handled by the district judge who handled the first two trials.
26 CONVICTIONS REVERSED, INDICTMENT DISMISSED, CASE REMANDED
27 WITH INSTRUCTIONS TO REASSIGN FOR LIMITED PURPOSE ONLY.").
28         The Ninth Circuit could have issued a different decision. It could have

remanded the case to the district court *with instructions* for the district court to dismiss the indictment. It has done so in other cases. *See e.g., United States v. Liu,* 731 F.3d 982, 998 (9th Cir. 2013) ("On remand, the district court should dismiss count two. . . . VACATED and REMANDED with instructions."); *United States v. Kojayan,* 8 F.3d 1315, 1325 (9th Cir. 1993) ("We therefore VACATE the judgment of conviction and REMAND for the district court to determine whether to retry the defendants or dismiss the indictment with prejudice as a sanction. . . ."); *United States v. Meza-Soria*, 935 F.2d 166, 171 (9th Cir. 1991) ("REVERSED, and remanded for dismissal of the indictment with prejudice."); *United States v. Bates*, 917 F.3d 388, 398 (9th Cir. 1991) ("We reverse the trial court and remand for dismissal of the indictment with prejudice."); *United States v. Bechtel*, 547 F.2d 1379, 1380 (9th Cir. 1977) ("Accordingly, the appeal is dismissed, and the cause is remanded to the district court with directions to dismiss the indictment."); *United States v. Reyes*, 225 Fed. App'x. 699, 700 (9th Cir. Mar. 22, 2007) ("We therefore reverse the district court's ruling on the suppression motion in all respects and remand for the dismissal of the indictment . . . ."); *United States v. Bruce*, No. 94-50089, 1995 WL 316937 *1 (9th Cir. May 24, 1995) (Speedy Trial Act appeal) ("Defendant's conviction is REVERSED, and the case is REMANDED for dismissal of the indictment. The district court, pursuant to 18 U.S.C. § 3162(a)(2), shall determine whether such dismissal will be with or without prejudice."); *United States v. Roberts*, No. 89-30031, 1989 WL 154240 *1 (9th Cir. Dec. 18, 1989) ("APPEAL DISMISSED; CASE REMANDED WITH INSTRUCTIONS TO VACATE JUDGMENT AND DISMISS INDICTMENT.").

       The Supreme Court and other circuits have often taken the approach of remanding to a lower court to take the action of dismissing an indictment. *See Blow v. North Carolina*, 379 U.S. 684 (1965) ("cause remanded for dismissal of the indictments"); *United States v. Hogan*, 712 F.2d 757, 762 (2d Cir. 1983) ("The judgments of conviction are reversed and the case remanded to the district court

with instructions to dismiss the underlying indictment against appellants."); *United States v. Kleinman*, 425 F.2d 316, 316 (5th Cir. 1970) ("The judgment below is reversed and remanded with directions to dismiss the indictment."); *Poy v. United States*, 15 F.2d 191, 191 (6th Cir. 1926) ("The judgment must be reversed, and the case remanded for dismissal of the indictment."); *United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977) ("[W]e grant the motion before us and order that the appeal be dismissed, that the district court's judgment be vacated, and that the case be remanded to the district court for dismissal of the indictment as to him."); *United States v. Kraase*, 484 F.2d 549, 552 (7th Cir. 1973) ("The judgment is reversed and the case is remanded for dismissal of the indictment."); *United States v. Hampton*, 775 F.2d 1479, 1491 (11th Cir. 1985) ("We therefore reverse the district court's ruling on this motion and remand to the district court.  On remand, the district court shall vacate appellant's conviction and sentence and dismiss the indictment."); *White v. United States*, 377 F.2d 948, 949 (D.C. Cir. 1967) ("Appellant's conviction under the second indictment, now before us on this appeal, accordingly must be set aside and the case remanded for dismissal of that indictment.").

      The Government asserts that this case is similar to *Shipsey*, but that decision does not help the Government's case.  It does not help its case because (as the Ninth Circuit itself points out) in those proceedings it was the district court that ordered the indictment dismissed.  *Shipsey*, 363 F.3d at 968 ("The original indictment containing those counts was, however, dismissed on speedy trial grounds, without prejudice, by the district court . . . after the return of the mandate from the first appeal.").  In the first appeal, the Ninth Circuit did not dismiss the indictment.  It remanded for a new trial.  *United States v. Shipsey*, 190 F.3d 1081, 1088-89 (9th Cir. 1999) (the first appeal) ("[W]e reverse Shipsey's convictions for theft and money laundering and remand for a new trial.  REVERSED AND REMANDED.").  Because the district court dismissed Shipsey's indictment, § 3288 extended the

1  limitations period by six months.  Had the court of appeals dismissed Shipsey's
2  indictment (as it has done here), the limitations period would have been extended by
3  only sixty days.  *United States v. Garcia,* 268 F.3d 407, 411 n.2 (6th Cir. 2001)
4  ("Should the government choose to appeal the dismissal of the indictment, it will
5  have sixty days from the date the dismissal of the indictment becomes final in which
6  to issue a new indictment.  18 U.S.C. § 3288."); *United States v. Gilchrist*, 215 F.3d
7  333, 338-39 (3rd Cir. 2000) (finding sixty-day extension in § 3289 applies to appeal
8  of dismissed indictment); *United States v. Kuper*, Case No. 05-167-3, 2009 WL
9  1119490, *1 (E.D. Pa. Apr. 27, 2009) ("Because the Superseding Indictment was
10 returned within 60 days of the issuance of the Circuit's mandate, the Parties
11 apparently agree that the new Indictment was timely within the meaning of 18
12 U.S.C. § 3288 . . . .").
13       The Government next argues that while the Ninth Circuit did order the
14 indictment to be dismissed, that order was not "final" until a determination was
15 made by the district court about whether the dismissal would be with prejudice.  It is
16 a reasonable argument.  The problem with this argument is that there is no authority
17 in support.  The Government cites no cases.  This Court has found no cases that
18 discuss the meaning of "final" in this context and none that hold the finality of a
19 appeals court decision depends on later actions by the district court.  In fact, there
20 are only a handful of cases that discuss to any degree the application of §§ 3288 and
21 3289.  *See Shipsey*, 363 F.3d at 968; *Garcia,* 268 F.3d at 411 n.2; *Gilchrist*, 215
22 F.3d at 338-39; *Clawson*, 104 F.3d at 251-52; *Italiano*, 894 F.2d at 1283; *United*
23 *States v. Runnels*, No. 93-1502, 1994 WL 7614 *4-5 (6th Cir. Jan. 12, 1994)
24 (pursuant to mandate, district court dismissed indictment and new indictment
25 returned on the same day was timely due to 18 U.S.C. § 3288); *Kuper*, 2009 WL
26 1119490, *1.  In contrast, there are many cases that judge finality by the issuance of

the mandate.[4]  *See supra.*

It does put the Government in the position of having to obtain a new indictment before it is known whether the dismissal of the prior indictment will be with prejudice.  No doubt, that is inefficient.  But §§ 3288 and 3289 offer no other extensions.  In view of the ambiguity, the statute must be construed in favor of repose.  *United States v. Habig*, 390 U. S. 222, 227 (1968) ("[W]e reiterate the principle that criminal limitations statutes are to be liberally interpreted in favor of repose.") (internal quotations omitted).  Had the appellate court remanded with instructions to dismiss, the re-indictment would be timely.  Here, the court of appeals dismissed the indictment.  The dismissal became final when the mandate was issued.  The new indictment was obtained beyond the statute of limitations as to counts 2 - 18.  These counts are dismissed.

Next, Defendant moves to dismiss counts 14, 17 and 18 for improper venue. This motion is denied as moot.

Next, Defendant moves to dismiss each count for improper reliance on an omissions theory of liability without alleging a fiduciary duty.  Both remaining counts 1 and 19 allege Defendant made untrue statements of material fact and omitted to state facts that left other statements misleading.  This is sufficient.  The indictment does not allege non-disclosure alone.  "Proof of an affirmative, material misrepresentation supports a conviction of mail fraud without any additional proof of a fiduciary duty."  *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986). Even if it had, the Ninth Circuit has rejected the claim that there must be a fiduciary duty for non-disclosure alone to be the basis for a fraudulent scheme.  "We explained that deceitful statements of half truths or the concealment of material facts is actual fraud violative of the mail fraud statute . . . .  The deception need not

---

[4]This is especially true where (as here) there is no petition for a writ of certiorari or for rehearing or for rehearing en banc.

- 9 -

be premised upon verbalized words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. *United States v. Woods*, 335 F.3d 993, 998 (9th Cir. 2003) (citations omitted). "It is settled in this Circuit that a scheme to defraud need not be an active misrepresentation. A nondisclosure or concealment may serve as a basis for the fraudulent scheme." *United States v. Dowling*, 739 F.2d 1445, 1448 (9th Cir. 1984), *rev'd or other grounds*, 473 U.S. 207 (1985) ("We decline to adopt the 'fiduciary duty' limitation advanced by Dowling nor can we accept the sweeping construction proposed by the Government."); *see also United States v. Beecroft*, 608 F.2d 753, 757 (9th Cir. 1979) ("Deceitful statements of half-truths or the concealment of material facts is actual fraud under the statute."); *Cacy v. United States*, 298 F.2d 227, 229 (9th Cir. 1961) ("Appellants assert that such nondisclosure of facts amounts only to constructive fraud and that conviction under the mail fraud statute requires proof of actual or active fraud. Appellants are in error. Deceitful concealment of material facts is not constructive fraud but actual fraud."); *United States v. Sineneng Smith*, No. CR10 0414RMW, 2013 WL 6776188, at *7 (N.D. Cal. Dec. 23, 2013) ("A defendant's activities can be a scheme or artifice to defraud whether or not any specific misrepresentations are involved.") (citations omitted). The motion to dismiss is denied on this ground.

Next, Defendant moves to dismiss count 1 for duplicity because it names additional funding sources for carrying out the criminal conspiracy. As this Court held previously,

> 'An indictment is duplicitous where a single count joins two or more distinct and separate offenses.' " *United States v. Garcia*, 400 F.3d 816, 819 (9th Cir.2005) (quoting *Ramirez–Martinez*, 273 F.3d 903, 913 (9th Cir.2001)). It appears that the superceding indictment sets out a newly-described additional conspiracy by Spanier and the newly named stock lender entities "Ayuda Funding, LLC" and "Amerifund Capital Holdings, LLC". . . . Whether this is actually a second conspiracy, or just a new facet of the previously alleged conspiracy, is not at all clear. It is a fact question which is correctly left to the jury to decide.
> More importantly, even if Count 1 of the second superceding indictment is duplicitous, the remedy is not dismissal as Defendant

requests. Because duplicity is only a violation of Federal Rule of Criminal Procedure 8, duplicity is not fatal to an indictment. *Ramirez–Martinez,* 273 F.3d at 915. The indictment may be remedied by either an election by the government or a jury instruction from the court. The election may yet occur before trial; the jury instruction would be given during trial. *Id.* ("[A] defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if either (1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed ."). Either remedy may yet be employed. Therefore, the motion to dismiss Count 1 is denied.

*United States v. Spanier*, No. 12CR918BEN, 2013 WL 6383849, at *1 (S.D. Cal. Dec. 5, 2013). Here, count 1 describes one continuing conspiracy utilizing several funding sources. For the same reasons, it will not be dismissed as duplicitous. The motion to dismiss count 1 is denied on this ground.

Last, Defendant moves to dismiss count 19 as vague and duplicitous. Defendant argues that count 19 does not specify which acts he committed between February 2003 and October 23, 2013 that constitute securities fraud. However, count 19 incorporates paragraphs 1-7 and 11-12 of the Indictment which describe sufficiently acts constituting securities fraud. The motion to dismiss count 19 is denied.

The motion to dismiss counts 2-18 as alleging crimes barred by the statute of limitations is granted. The motions to dismiss the remaining count 1 and count 19 is denied.

DATED: October 6, 2016

_____
Hon. Roger T. Benitez
United States District Judge