# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
17 MAY 24 PM 3:33

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES OF AMERICA
v.
JEFFREY R. SPANIER (1)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 16CR1545-BEN

TIMOTHY A. SCOTT
Defendant's Attorney

REGISTRATION NO. 99334004

☐

THE DEFENDANT:
☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) 1s, 2s, of the Superseding Indictment; 2-7, 8-13, 15-16 of the Underlying Indictment.
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | Conspiracy | 1s |
| 15 USC 78(j)(b) and 78ff | Securities Fraud | 2s |
| 8 USC 1341 and 2 | Mail Fraud | 2-7 |
| 18 USC 1343 and 2 | Wire Fraud | 8-13 |
| 18 USC 1343 and 2 | Wire Fraud | 15-16 |

The defendant is sentenced as provided in pages 2 through \_\_\_13\_\_\_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) 1, 14, 17-18, 19 _____ is ☐ are ☒ dismissed on the motion of the United States.
☒ Assessment: $1,600.00 ($100.00 per count) forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

☒ Fine waived          ☒ Forfeiture pursuant to order filed    APRIL 17, 2017    , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

APRIL 13, 2017
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

16CR1545-BEN

DEFENDANT: JEFFREY R. SPANIER (1)
CASE NUMBER: 16CR1545-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

Count 1s: 60 months;
Counts 2s, 2-7, 8-13, 15-16: 96 months concurrently and concurrent to Count 1s.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JEFFREY R. SPANIER (1)
CASE NUMBER: 16CR1545-BEN

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
THREE (3) YEARS AS TO EACH COUNT, CONCURRENTLY.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- [x] The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☒ Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within _____ days.

☐ Complete _____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

DEFENDANT: JEFFREY R. SPANIER (1)
CASE NUMBER: 16CR1545-BEN

# RESTITUTION

The defendant shall pay restitution in the amount of  $20,669,379.98  unto the United States of America.

This sum shall be paid ___ immediately.
              **x** as follows:

SEE ATTACHED RESTITUTION ORDER FILED ON 4/14/2017.

The Court has determined that the defendant **does** have the ability to pay interest. It is ordered that:

___ The interest requirement is waived.

___ The interest is modified as follows:

16CR1545-BEN

FILED

17 APR 14 AM 10:50

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____MXN_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY R. SPANIER,<br><br>Defendant. | Criminal Case No. 16CR1545-BEN<br><br>**RESTITUTION ORDER** |

IT IS HEREBY ORDERED that Defendant JEFFREY R. SPANIER (hereinafter "Defendant") pay restitution in the total amount of $20,669,379.98, through the Clerk, United States District Court, to the victims as noted below in this Order, in the amounts specified, payable forthwith.

The Court waives interest and fees.

During Defendant's incarceration, Defendant shall pay restitution through the Inmate Responsibility Program at the rate of 50% of Defendant's income, or $25.00 per quarter, whichever is greater.

The total amount of restitution shall be due immediately and shall be paid forthwith. Defendant shall pay restitution at a minimum of $500.00 per month, or 20% of Defendant's income, whichever is greater, with the first payment due within 60 days from Defendant's

release from custody or the start of his supervised release, whichever is later. Defendant understands this is a floor, not a ceiling as to monthly payments. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

Defendant shall be jointly and severally liable to pay restitution with co-defendant/co-conspirators for the same losses. The presently known co-defendants/co-conspirators are Douglas McClain, Jr., charged elsewhere in Case No. 12CR0918-BEN.

Restitution is to be paid to the Clerk, United States District Court, who then is to pay the following victims:

| Victims | Amount |
|---|---|
| BURKE, FRANCIS | $ 270,771.10 |
| DEJAGER, JOHAN | $ 402,490.95 |
| GREEN POWER | $ 2,148,679.72 |
| HYATT, CHRISTOPHER JAMES | $ 16,761.80 |
| JANES, DEAN | $ 1,642,172.66 |
| KNAPP, TIFFANY (Bentley Capital) | $ 51,779.25 |
| LAVERY, BRIAN | $ 140,320.20 |
| MAISEY, JOHN | $ 37,753.80 |
| PELAK, STEPHEN | $ 86,651.42 |
| PHOENIX CAPITAL GROUP | $ 4,545,714.80 |
| PICCIOLI, THOMAS & JOSEPHINE | $ 156,762.62 |
| RISING WATER | $ 425,165.48 |
| SELLERS, RICHARD | $ 658,632.63 |
| TROY, DUNCAN | $ 28,003.33 |
| VAN DER VELDEN, STEVEN | $ 2,230,986.93 |
| WALLEN, CALVIN | $ 262,253.19 |
| WANG, ZHENYU | $ 537,410.54 |
| WOLSTEIN, SCOTT | $ 1,206,635.74 |
| XIAO, SHUILIANG | $ 552,876.00 |
| YANG, GENG QIANG | $ 1,335,711.00 |
| YAO, KEXUAN | $ 3,724,369.16 |
| YOU, XU XI | $ 207,477.66 |
| **TOTAL RESTITUTION:** | $ **20,669,379.98** |

1    Until restitution is paid in full, Defendant shall notify the Clerk of the Court and the
2    United States' Attorney's Office of any change in Defendant's mailing or residence
3    address, no later than 30 days after the change occurs.
4    Defendant shall notify the Financial Litigation Unit, United States Attorney's Office,
5    of any interest in property obtained, directly or indirectly, including any interest obtained
6    under any other name, or entity, including a trust, partnership, or corporation until the
7    restitution is paid in full. Defendant shall notify the Financial Litigation Unit, United States
8    Attorney's Office, before Defendant transfers any interest in the property owned directly or
9    indirectly by Defendant, including any interest held or owned under any other name or entity,
10   including trusts, partnerships, and/or corporations. Defendant is subject to regular financial
11   review by the United States Attorney's Office. Defendant agrees not to dissipate assets.

IT IS SO ORDERED.

DATED: 4/13/2017

_____
HONORABLE ROGER T. BENITEZ
United States District Judge



FILED
APR 17 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JEFFREY R. SPANIER,<br>Defendant. | Case No. 16CR1545-BEN<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty verdicts and special verdict form returned by the jury on Counts 1 and 2 of the Superseding Indictment and Counts 2 through 13, 15 and 16 of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 94, and 28 U.S.C. § 2461, defendant JEFFREY R. SPANIER is ordered to forfeit to the United States all rights, title and interest in any and all properties involved in or traceable to the commission of the offenses as charged in the Superseding Indictment, including:

<u>Real Property</u>

The real property located at 16013 D'Alene Drive, Delray Beach, Florida, 33446, and all appurtenances affixed thereto. The real property is more particularly described as:

//

PROPERTY ID. NO.: 00-42-46-20-16-000-0020

Lot 2, DELRAY TRAINING CENTER P.U.D. - PARCEL B, according to the map or plat thereof, as recorded in Plat Book 86, Page 157, of the Public Records of Palm Beach County, Florida.

<u>Financial Accounts at Wachovia Bank</u>

All monies, funds and credits in Wachovia Bank Account xxxxxxxx6242, in the name of Amerifund Capital Finance, LLC.

All monies, funds and credits in Wachovia Bank Account xxxxxxxx7113, in the name of Jeffrey Spanier.

All monies, funds and credits in Wachovia Bank Account xxxxxxxx6481, in the name of Regina Spanier.

<u>Financial Accounts at Iberia Bank</u>

All monies, funds and credits in IberiaBank (formerly Sterling Bank) Account xxxxxx0663, in the name of Amerifund Capital Finance, LLC.

All monies, funds and credits in IberiaBank (formerly Sterling Bank) Account xxxxxx2968, in the name of Amerifund Capital Finance LLC.

2. The Court has determined, based on the evidence already in the record, that the Defendant has an interest in such properties, and that the Government has established the requisite nexus between the properties and the offenses.

3. As a result of the offenses in Counts 1 and 2 of the Superseding Indictment and Counts 2 through 13, 15 and 16 of the Indictment, for which the Defendant was convicted, the United States is now entitled to possession of said properties, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 94, and 28 U.S.C. § 2461 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

4. Upon the entry of this Order, the United States is authorized to take custody or control of the following properties, and all right, title and interest of Defendant JEFFREY R. SPANIER in the following properties are hereby forfeited to

the United States for disposition in accordance with the law, subject to the provisions of 21 § 853(n):

<u>Real Property</u>

The real property located at 16013 D'Alene Drive, Delray Beach, Florida, 33446, and all appurtenances affixed thereto. The real property is more particularly described as:

**PROPERTY ID. NO.: 00-42-46-20-16-000-0020**

Lot 2, DELRAY TRAINING CENTER P.U.D. - PARCEL B, according to the map or plat thereof, as recorded in Plat Book 86, Page 157, of the Public Records of Palm Beach County, Florida.

<u>Financial Accounts at Wachovia Bank</u>

All monies, funds and credits in Wachovia Bank Account xxxxxxxx6242, in the name of Amerifund Capital Finance, LLC.

All monies, funds and credits in Wachovia Bank Account xxxxxxxx7113, in the name of Jeffrey Spanier.

All monies, funds and credits in Wachovia Bank Account xxxxxxxx6481, in the name of Regina Spanier.

<u>Financial Accounts at Iberia Bank</u>

All monies, funds and credits in IberiaBank (formerly Sterling Bank) Account xxxxxx0663, in the name of Amerifund Capital Finance, LLC.

All monies, funds and credits in IberiaBank (formerly Sterling Bank) Account xxxxxx2968, in the name of Amerifund Capital Finance LLC.

5. The aforementioned forfeited financial accounts are to be held by the United States Marshals Service in its secure custody and control.

6. The real property located at 16013 D'Alene Drive, Delray Beach, Florida, 33446, shall be forfeited by the U.S. Marshals Service at the conclusion of the noticing period for any ancillary proceedings.

//

7. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

8. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

9. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

10. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

//

11. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

12. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 4/13/2017

HONORABLE ROGER T. BENITEZ
United States District Judge